1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

ALEXANDER IZAGUIRRE,

        Defendant.

_____/

No. CR 11-00867 WHA

**ORDER GRANTING IN PART
MOTION TO COMPEL THE
PRODUCTION OF DISCOVERY**

Defendant Alexander Izaguirre has moved to compel production of discovery requested in his first request for discovery made to the government via letter dated February 7, 2012. A hearing on the motion to compel was held on April 3, 2012. Four main discovery requests were at issue and addressed at the motion hearing.

*First*, defendant seeks production of grand jury materials. At the hearing, government counsel stated that the government did not oppose production of this material. Thus, no dispute remains as to production of the requested grand jury materials.

*Second*, defendant seeks production of documents relating to defendant's deportation and documents that show the government did not believe defendant was guilty of perjury at the time it deported him. The government opposed on the grounds that the government is not required to divulge its charging decisions and that the government is aware of its obligations under *Brady* and will turn over *Brady* information promptly. The government indicated that at this time it is not aware of any *Brady* material in this case. The government's duty under *Brady* is self-executing. Thus, the motion to compel production of these materials is **DENIED**.

*Third*, defendant seeks production of documents pertaining to Wilson Villalta, including his criminal record. The government opposed, in part, on the grounds that this is *Giglio* material, therefore, the request for immediate production is premature. The order agrees. Defendant is, however, entitled to Mr. Villalta's statements made at trial. As stated at the hearing, defendant shall order a trial transcript. To the extent stated herein, the motion to compel production of this material is **DENIED**.

*Fourth*, defendant seeks production of the audio recording of defendant's testimony to the grand jury. At the hearing, the government stated that no audio recording exists. Thus, the motion to compel production of this material is **DENIED**.

Defendant has made numerous other discovery requests, which were not addressed at the hearing. The government maintains it has complied with all of its discovery obligations under Rule 16(a) and "provided all material required to be produced under Rule 16(a) that is known to it and in its possession" (Dkt. No. 31 at 3) To the extent defense counsel has outstanding disputes regarding the government's production pursuant to Rule 16(a), counsel shall meet and confer with government counsel. Any disputes remaining after the meet and confer shall be brought to the attention of the Court.

Defense counsel makes numerous requests for *Giglio* and *Brady* material not discussed above. As previously stated, counsel's requests for *Giglio* material are premature. The motion to compel production of *Giglio* material is therefore **DENIED**. The motion to compel production of *Brady* material, for the above-stated reasons, is **DENIED.**

Defense counsel also seeks, under Rule 12, to compel the government to inform defendant of its intent to use the following categories of evidence: (1) statements by defendant; (2) evidence obtained through searches and seizures; (3) electronic or mechanical surveillance; (4) Title III surveillance; (5) mail or trash covers, or (6) informants or undercover agents. Pursuant to Rule 12(b)(4)(B), "[a]t the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any

1    evidence that the defendant may be entitled to discover under Rule 16." The motion to compel

2    production of such information is, to this extent, **GRANTED**.

3        Defense counsel also requests pursuant to Federal Rule of Evidence 1006, that counsel be

4    advised "whether the prosecution will seek to offer any chart, summary, or calculation in

5    evidence, and if so (1) that all such charts, summaries, and calculations be produced, and (2) that

6    all writings, recordings, or other information on which such charts, summaries, or calculations

7    are based be made available for inspection and copying" (Dkt. No. 10-1 at 8). The government

8    must so advise and produce.

9        Defense counsel requests that the government disclose whether it intends to offer in its

10   case-in-chief as a statement by defendant any of the following, and that it provide the substance

11   of any such statement: (1) any statements as to which defendant allegedly manifested his

12   adoption or belief in its truth; (2) any statement made by another, which was purportedly

13   authorized by defendant; (3) any statement made by an agent or employee of defendant

14   concerning a matter within the scope of his or her agency or employment made during the

15   existence of such a relationship; and (4) any statement made by an alleged co-conspirator during

16   the course of and in furtherance of any alleged conspiracy. Would the government please

17   disclose any such statements in advance of trial.

18       Finally, defense counsel requests that the government disclose all evidence of any similar

19   crimes, wrongs, or acts allegedly committed by defendant upon which the government intends to

20   rely to prove motive, scheme, opportunity, intent, preparation, knowledge, or absence of mistake

21   or accident. The government must disclose any such evidence in advance of trial.

22

23       **IT IS SO ORDERED.**

24

25   Dated: April 11, 2012.

                                    _____

26                                    WILLIAM ALSUP
                                 UNITED STATES DISTRICT JUDGE

27

28